CHRISTOPHER WETSEL, Plaintiff in Error, *vs.* NELLIE E. L. FIREBAUGH, Defendant in Error.

*Opinion filed April 19, 1913.*

1. ANTE-NUPTIAL CONTRACTS—*when ante-nuptial contract bars husband's rights.* An ante-nuptial contract, fairly and understandingly entered into, by which both parties agree, in consideration of the marriage, that neither shall have "any right, title or interest in the property of the other during their joint lives nor afterwards," and the husband agrees that he ·will not "claim, take or receive" any of the wife's personal property, nor any right or title in any of her real estate, either as homestead or dower, bars all the husband's rights in her land, and not merely homestead and dower.

2. SAME—*when fact that ante-nuptial contract is not acknowledged is immaterial.* The fact that an ante-nuptial contract is not acknowledged is not material, even though it is claimed that it does not for that reason operate as a release of the husband's homestead estate, where at the time of the wife's death they had been living apart for two years, during which time the husband had acquired a home with his son.

WRIT OF ERROR to the Circuit Court of McDonough county; the Hon. HARRY M. WAGGONER, Judge, presiding.

ELTING & HAINLINE, (GILBERT J. HAINLINE, of counsel,) for plaintiff in error.

FLACK & LAWYER, for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

This was a bill in chancery filed by Christopher Wetsel against Nellie E. L. Firebaugh, in her individual capacity and as executrix of the last will and testament of Ellen Wetsel, and other parties made defendants, for the partition of certain lands that belonged to Ellen Wetsel in her lifetime. A trial was had in the circuit court, where a decree was entered dismissing the bill for want of equity. To review that decree complainant has sued out a writ of error from this court.

It appears from the bill that Ellen Wetsel died testate May 28, 1910, and at the time of her death was the owner in fee simple of a lot in the city of Bushnell and eighty-one acres of land in McDonough county, all of which by her will she devised to her niece, Nellie E. L. Firebaugh, who was named as executrix in the will. The will was duly admitted to probate and letters testamentary issued to the executrix therein named. Ellen Wetsel left surviving her her husband, who is the complainant in this case. She left no children or descendants of children, but left four brothers and a number of nephews and nieces, besides Nellie Firebaugh, as her only heirs-at-law. Complainant and others filed a bill to set aside the will of Ellen Wetsel upon the grounds of undue influence and lack of mental capacity. The will was sustained by the verdict of a jury and a decree of the circuit court, and that decree, on appeal, was affirmed by this court. *Wetsel v. Firebaugh,* 251 Ill. 190.

The bill alleges that complainant, on May 20, 1911, filed an instrument in writing in the county court of McDon-

ough county renouncing and quit-claiming the benefit of any jointure given or assured to him in lieu of dower or any devise or other provision made for him in the will of Ellen Wetsel, and electing to take in lieu thereof his legal interest in her estate which would remain after the payment of just claims and debts. The complainant thereafter claimed to be seized, as owner in fee, of the undivided one-half of the real estate owned by Ellen Wetsel at the time of her death and also entitled to an estate of homestead therein. The bill alleged that Nellie Firebaugh was the owner of the other undivided one-half of said premises, subject to the homestead of complainant. The prayer of the bill was for partition and an accounting.

The answer of Nellie Firebaugh denies that complainant has any right, title or interest in said premises, and in support of this denial sets up and relies on an ante-nuptial contract entered into between complainant and Ellen Wetsel, whose name was Ellen Culp just prior to their marriage. Said ante-nuptial contract, after reciting that complainant was the owner of certain real estate (describing it) and some personal property and that Ellen Culp was the owner of real estate in McDonough county and also some personal property, that Christopher Wetsel had children by a former marriage and Ellen Culp had no children, and that they were now contemplating marriage between themselves, continues as follows:

"Now, therefore, it is hereby mutually agreed by and between said parties as follows: That in consideration of a marriage about to be entered into by and between said parties, that neither party shall, by reason of said marriage, have any right, title or interest in the property of the other during their joint lives nor afterwards. And the said Christopher Wetsel hereby covenants and agrees to and with the said Ellen Culp, that in case he shall survive her he will not claim, take or receive any of her personal property or any right or title in any of her real estate, either as dower, or any right of homestead in case they should then be living on any of her real estate, and that during their joint lives he will at any time, at her request, join with her in the execution of any deed or mortgage she may desire to make concerning her

lands, and in case they shall be living on her land at her death he will immediately surrender the full and complete possession of the same to her heirs or devisees. And the said Ellen Culp hereby covenants and agrees to and with the said Christopher Wetsel that in case she shall survive him she will not claim, take or receive any of his personal property or any right or title in any of his real estate, either by way of a widow's award under the statute or as dower or otherwise, or any right of homestead in case they shall then be living on any of his real estate, and that during their joint lives she will, at his request, join with him in the making and executing of any deed or mortgage he may wish to make concerning any of his lands, and in case they shall be living on any of his lands at the time of his death she will immediately surrender and deliver the possession of the same to his devisees or heirs, and the covenants herein shall extend to and apply to any and all real estate which either now own or hereafter acquire individually and not jointly, and that at the death of either and both of said parties the property, real and personal, of each party shall go to the heirs and devisees of the one owning such property, free and clear from the claims, of every kind whatever, of the other party.

"In witness whereof the said parties have hereunto set their hands and seals this 4th day of November, A. D. 1896.

CHRISTOPHER WETSEL, (Seal)<br>ELLEN CULP. (Seal)

Witness—C. F. Wheat."

In our opinion this ante-nuptial contract completely barred complainant of any right or interest in the real estate sought to be partitioned. The point is made that it does not purport to be in bar of any claim of complainant in his wife's estate except as to dower and homestead. It will be seen that the agreement recites that in consideration of the marriage of the parties neither should have "any right, title or interest in the property of the other during their joint lives nor afterwards." The agreement then recites that complainant covenants and agrees with Ellen Culp that in case he survives her he will not "claim, take or receive any of her personal property or any right or title in any of her real estate, either as dower or any right of homestead." Complainant contends that the words "either as dower or any right of homestead" should be construed to limit the agreement so as not to affect any right he would

have had in his wife's property at her death in the absence of the agreement, except as to dower and homestead. It is argued that the words "or otherwise," appearing after the word "dower" in that part of the agreement in which Ellen Culp releases all her right in complainant's estate in the event she survived him, shows that her agreement was intended to be broader than that of complainant. We do not so construe the language of the agreement. That both parties intended to, and did, by the agreement relinquish any right to or interest, of any kind or character, in the property of the other, is too plain to our minds to admit of argument. That effect will be given to such agreements when fairly and understandingly entered into has been decided many times by this and other courts and is not denied in this case.

The lot in Bushnell was the homestead of complainant and his wife for some time after their marriage. The point is made that the ante-nuptial agreement was not acknowledged and there was no release of homestead, as required by statute. Complainant and his wife separated about two years before Mrs. Wetsel's death. Complainant went to live with his sons in another township, and Mrs. Wetsel went to live with her niece, Nellie Firebaugh, where she remained until her death. The premises were not occupied as a homestead after the separation, and the proof shows an abandonment of them as a home by both parties. We think the proof shows complainant left his wife and acquired a home in another township, where he testified he voted and called it his home. Complainant never had any benefit of jointure given him by the will of his wife in lieu of dower or any other interest in the premises, and his relinquishment, under section 12 of the Dower act, was absolutely void and of no effect.

The decree of the circuit court was right, and it is affirmed.

*Decree affirmed.*